UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-190-GEB-6 |
|---|---|
| Plaintiff, | |
| v. | **ORDER REGARDING DEFENDANT LARRY TODT'S ATTENDANCE OF THE ONGOING JURY TRIAL** |
| LARRY TODT, | |
| Defendant. | |

Before the jury trial resumed at the scheduled time on November 29, 2017, a deputy United States Marshal informed the undersigned that Defendant Larry Todt, proceeding in propria persona, refused to leave the jail cell he occupied and contended that he had food poisoning symptoms. The undersigned directed the deputy United States Marshal to remove the Defendant from his jail cell and to escort him to the courtroom, meaning force would be applied to remove Defendant if he did not comply with the directive. In light of Defendant's previous rants that he is not the real Defendant in this case and that the district court lacks jurisdiction over him, the undersigned wanted to speak with Defendant in order to determine whether he was engaged in a deliberately contrived ploy to needlessly disrupt and delay joint trial proceedings.

Subsequently, another deputy United States Marshal

1

informed the undersigned that Defendant was in a United States Marshal's holding cell in the courthouse and that he refused to take off his orange clothing, issued by the local county jail, to change into civilian clothing. The undersigned directed that Defendant be brought to the courtroom so that the undersigned could talk to him and the other parties before the jury appeared. Defendant stated in the courtroom that he had food poisoning symptoms as a result of eating a peanut butter and jelly sandwich. He further stated his teeth and bones hurt. During the undersigned's colloquy with Defendant, Defendant stated that he was sick from the same food poisoning symptoms yesterday, which was the first day of trial. The undersigned did not observe anything out of the ordinary in Defendant's behavior during the first day of trial supporting his food poisoning assertion.

Defendant requested that he be excused from the trial until he determines that his health is improved. The question whether to "grant a postponement of . . . trial because of . . . claimed ill health . . . is a matter in the sound discretion of the trial court." Stein v. United States, 263 F.2d 579, 581 (9th Cir. 1959); see also United States v. Silverthorne, 430 F.2d 675, 677 (9th Cir. 1970) ("[I]t is an established principle of law in this and other circuits that a continuance of a criminal trial based upon physical disability is within the sound discretion of the trial judge"). The undersigned does not credit Defendant's assertion that he is ill today based on his word alone. Rather, Defendant's food poisoning assertion is consistent with his tactics aimed at discrediting the court and his obvious decision

to refuse to participate in the trial proceeding.

To prevent further delay and obstruction, the United States Marshal Service is ordered to produce Defendant for trial and shall communicate with the undersigned if Defendant interferes with this directive.

Dated: November 30, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge