UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-00190-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER FOR EXAMINATION AND REPORT UNDER 18 U.S.C. § 4241** |
| Larry Todt | |
| Defendant. | |

This order requires a competency evaluation of defendant Larry Todt because of certain statements made by defendant Larry Todt at the hearing held on March 2, 2018, and his demeanor at that hearing. The statements were made in connection with Defendant's request to proceed pro per with the sentencing phase of this case, rather than to be represented by his attorney, Michael Lawley.

Defendant was allowed to proceed pro se earlier in the case, including during trial until he elected to have his standby attorney, Mr. Michael Lawley, represent him for a portion of the trial. Defendant was convicted of two felonies by a jury. The verdict form containing the charges is attached.

The March 2, 2018 status hearing was scheduled because the assigned Probation Officer required to prepare Defendant's Presentence Report, a document that assists the court in making sentencing decisions, informed the judge that the Presentence

1

Report has not been prepared because Defendant Larry Todt's lawyer canceled the interview scheduled with the Probation Officer in the following email communication to the Probation Officer dated January 18, 2018: "Mr. Todt has attempted to fire me. I will have to put it on calendar for status of counsel before we can conduct the interview. Sorry, just found out myself."

The following portion of the March 2, 2018 hearing concerning the attempted firing assists in placing in context why the competency evaluation of Defendant has been ordered:

> THE COURT: So your understanding, then, Mr. Lawley, and tell me if it's not, is that when Mr. Allen attempted to fire you, his goal was not to replace you with another lawyer.
>
> MR. LAWLEY: I do not believe so your Honor. And he never expressed that to me.
>
> THE COURT: But he wants to represent himself.
>
> MR. LAWLEY: That is my understanding and I believe he wishes for me to continue to revert back to my stand by counsel in case there's anything, but other than that, my understanding is, Larry Todt wishes -- Larry Allen wishes to represent -- wishes to have his status changed to pro per . . . .
>
> THE COURT: Mr. Allen, do you have a position on this matter?
>
> MR. TODT: Sir, my position –
>
> THE COURT: Mr. Allen, . . . do you want me to appoint another lawyer to represent you?
>
> MR. TODT: No, sir. . . . .
>
> THE COURT: Concerning representation, Mr. Allen, what is your desire?

2

MR. TODT: I do not desire to have any representation, sir. I -- I do not consent to Mr. Lawley representing me as a private citizen and a civilian. I do not consent to represent myself. I've never -- it's never been my intention. I've never consented to this court to represent myself. I stand in propria persona. I wish to stand before the court pro per, in propria persona. That's always been my -- your Honor, I would ask to proceed in proper and sir, I would also prefer in camera in a closed court.

THE COURT: Well, that request is denied because I don't see reason for doing that at this moment.

MR. TODT: Sir –

THE COURT: Well, I'm going to -- I'm going to ask you a question because part of your response to the question I've already asked you is not clear. You authorized me to appoint Mr. Lawley to represent you at a point during the trial. Do you remember doing that?

MR. TODT: I would like to clear up that confusion, sir.

THE COURT: Are you telling me -- are you telling me that you did not agree to allow Mr. Lawley to represent you during the trial?

MR. TODT: Sir, I would like to withdraw that request to allow Mr. Lawley to represent me.

THE COURT: When did you decide, if you know, to withdraw the request to have Mr. Lawley to represent you as your attorney?

MR. TODT: Prior to my meeting with Mr. Lawley when we were supposed to talk to the probation officer . . . . .

MR. LAWLEY: If I could just for clarification and for simplicity sake, your Honor, is it

3

| | |
|---|---|
| 1 | possible if the court would phrase it as such as to proceed in pro per? |
| 2 | |
| 3 | THE COURT: What did I say? |
| 4 | MR. LAWLEY: You said to represent -- I understand |
| 5 | |
| 6 | THE COURT: No. I don't know what I said. What did I say. |
| 7 | MR. LAWLEY: You said allow him to represent himself. That is contentious for Mr. Allen but pro per if he proceeds in pro per that is non-contentious. |
| 8 | |
| 9 | |
| 10 | THE COURT: I see I was using the wrong words. |
| 11 | MR. LAWLEY: I was just asking if the court would consider using the term in pro per. |
| 12 | |
| 13 | THE COURT: I would. MR. LAWLEY: Okay. . . . |
| 14 | THE COURT: Mr. Allen, what does pro per mean to you? |
| 15 | |
| 16 | MR. TODT: In person without representation of an attorney. |
| 17 | |
| 18 | THE COURT: It means that the person represents him or herself. |
| 19 | MR. TODT: No, sir. It means that a person stands before the court in a non-representative capacity and only as a witness to the proceedings. |
| 20 | |
| 21 | |
| 22 | THE COURT: Well, that doesn't make sense. I don't know what that means. It's not logical. |
| 23 | |
| 24 | MR. TODT: What I intended to say, sir, is that I do not allow anyone to speak on behalf of Larry Todt. I am the authorized agent for Mr. Todt. Mr. Todt, the defendant, is a fictitious legal person whose name is written in all caps. I am a private citizen. If I believe that some legal response is required |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

4

|   |   |
|---|---|
| 1 | on behalf of Mr. Todt, I will authorize myself to respond. |
| 2 | |
| 3 | THE COURT: You're a private citizen? |
| 4 | MR. TODT: Yes, sir. |
| 5 | THE COURT: What's your name? |
| 6 | MR. TODT: My name is -- my given name is Larry Allen of the lawful house of Todt. |
| 7 | |
| 8 | THE COURT: And what do you mean by the lawful house of Todt? |
| 9 | |
| 10 | MR. TODT: The name Todt I inherited from my father. My given name was given to me by my mother. |
| 11 | |
| 12 | THE COURT: What name was given to you by your mother? |
| 13 | |
| 14 | MR. TODT: Larry Allen. |
| 15 | THE COURT: You just mentioned Todt. |
| 16 | MR. TODT: That is a family name.  I could not be given a name that already existed, sir. That name was always a family name. |
| 17 | |
| 18 | THE COURT: Was is your family? |
| 19 | MR. TODT: It was not my family until I was -- I came into the world on May 9th, 1952. |
| 20 | |
| 21 | THE COURT: When you came into the world on May 9th, 1952, were you in the Todt family? |
| 22 | MR. TODT: I was in the Southeast Missouri Hospital. |
| 23 | |
| 24 | THE COURT: Was your father's last name Todt? MR. TODT: No, sir.  My father does not have a last name.  He has a family name.  Only corporations have last names, sir. |
| 25 | |
| 26 | |
| 27 | THE COURT: What was your father's family name? |
| 28 | |

| | |
|---|---|
| 1 | MR. TODT: Todt. |
| 2 | THE COURT: What was your mother's family name? |
| 3 | |
| 4 | MR. TODT: Moore. |
| 5 | THE COURT: Did your mother always go by the family name Moore? |
| 6 | |
| 7 | MR. TODT: Until -- I can't answer that, sir. I'm not quite sure. |
| 8 | THE COURT: Did she ever go by the family name Todt? |
| 9 | |
| 10 | MR. TODT: She may have. |
| 11 | THE COURT: You don't know . . . |
| 12 | MR. TODT: I don't know what her intention was, sir. |
| 13 | |
| 14 | THE COURT: Okay. |
| 15 | MR. TODT: She's dead.  She died while I was in jail. |
| 16 | |
| 17 | THE COURT: Okay.  Sorry about that. |
| 18 | MR. TODT: With all due respect, sir – |
| 19 | THE COURT: We don't want to go with due respect yet.  I have another question for you.  I want to get clarification on something.  If I allow you to proceed pro per, who are you representing? |
| 20 | |
| 21 | |
| 22 | |
| 23 | MR. TODT: I'm not representing anyone, sir. I would be here in a capacity as the agent -- Larry Todt is -- |
| 24 | THE COURT: I think you may be -- I think you may be manipulating the proceedings or else you need to be evaluated and so – |
| 25 | |
| 26 | |
| 27 | MR. TODT: Sir. |
| 28 | THE COURT: No.  I think I'm going to send you |

|   |   |
|---|---|
| 1 | to be evaluated for competency. |
| 2 | MR. TODT: I don't accept your offer. |
| 3 | THE COURT: Well, you don't have to. You're going because if you are competent and are manipulating the proceedings as I believe you are, that may have a significant bearing on sentencing. And you have done this before. So I'm sending you to be evaluated for competency. |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |
| 8 | MR. TODT: I don't accept your offer to be sent for evaluation. |
| 9 |  |
| 10 | THE COURT: You don't have to. |
| 11 | MR. TODT: Sir. |
| 12 | THE COURT: You don't have to accept it. |
| 13 | MR. TODT: Sir, this court does not have jurisdiction. Sir, who do you think you're dealing with? Are you dealing with – |
| 14 |  |
| 15 | THE COURT: Mr. Allen – |
| 16 | MR. TODT: Are you dealing with a United States citizen. |
| 17 |  |
| 18 | THE COURT: Get out of the courtroom. Take him out. You're done. Take him out. I'm talking to the lawyers now.[1] |
| 19 |  |

In light of Defendant's communications at the March 2, 2018 hearing and his somewhat combative demeanor, I have reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the sentencing proceedings and to assist properly in his defense. 18 U.S.C. § 4241(a). Therefore,

---

[1] This portion of what occurred during the proceeding is in the reported real time transcript.

7

```
 1  Defendant Larry Allen Todt is committed to the custody of the
 2  Attorney General of the United States who shall find a suitable
 3  facility for the evaluation of him under 18 U.S.C. § 4241(b).
 4          The examining officials are authorized to access all
 5  pertinent medical and collateral information, including
 6  psychiatric and medical records and psychological reports and
 7  testing.  The attorneys in this case should provide the examining
 8  officials information that could be helpful in the competency
 9  determination.
10          The Clerk of the Court shall attach to this Order the
11  following filings in the docket: 80, 99, 100, 109, 110, 111, 112
12  and 326.  The Clerk of the Court shall include the United States
13  Marshal and the Federal Bureau of Prisons in the service of this
14  Order.  The service on the Federal Bureau of Prisons shall have
15  attached thereto a copy of the Indictment (docket number 1) and
16  shall be served by email to the following address: [gra-
17  dsc/teampapa~@bop.gov](gra-dsc/teampapa~@bop.gov).
18  Dated:  March 2, 2018
```

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge