UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2: 15-cr-00190-GEB |
|---|---|
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THE SEALED REDACTED FORENSIC EVALUATION OF DEFENDANT LARRY TODT SHOULD NOT BE FILED ON THE PUBLIC DOCKET** |
| v. | |
| LARRY TODT, | |
| Defendant. | |

The United States of America and Defendant Larry Todt shall show cause ("OSC") as soon as practical why the below referenced redacted version of the Forensic Evaluation of Defendant Larry Todt dated June 7, 2018, which was prepared by the Federal Bureau of Prisons Metropolitan Detention Center in Los Angeles, California ("June 7 Forensic Evaluation"), should not be filed on the public docket. The referenced redacted Forensic Evaluation shall be filed under seal **and described in the docket text as "Defendant Larry Todt's Sealed Redacted June 7 Forensic Evaluation."** Further, Defendant Larry Todt's "Sealed Redacted June 7 Evaluation" shall only be served on the United States Attorney and Mr. Todt's attorney, **and the June 7 Forensic Evaluation shall be served on the United States Probation Office in this division of the district.**

The psychological evaluation of Mr. Todt was ordered

1

during a March 2, 2018 proceeding concerning why the presentence report in this case for Defendant Todt had not yet been prepared. Mr. Todt's attorney explained that the preparation of the presentence report was delayed because "Larry Todt wishes -- Larry Allen wishes to represent -- wishes to have his status changed to pro per . . . ." When the district judge discussed the representation issue with Mr. Todt, Mr. Todt stated in part:

> I do not desire to have any representation, sir. I -- I do not consent to [attorney] Mr. Lawley representing me as a private citizen and a civilian. I do not consent to represent myself. I've never -- it's never been my intention. I've never consented to this court to represent myself. I stand in propria persona. I wish to stand before the court pro per, in propria persona. That's always been my -- your Honor, I would ask to proceed in pro per . . . .

Unofficial Transcript of March 2, 2018 Proceeding.

The following portions of the record shed light on the representation issue and why Mr. Todt was sent to the Bureau of Prisons for a mental competency evaluation:

> THE COURT: [] I'm going to ask you a question because part of your response to the question I've already asked you is not clear. You authorized me to appoint Mr. Lawley to represent you at a point during the trial. Do you remember doing that?
>
> MR. TODT: I would like to clear up that confusion, sir.
>
> THE COURT: Are you telling me -- are you telling me that you did not agree to allow Mr. Lawley to represent you during the trial?
>
> MR. TODT: Sir, I would like to withdraw that request to allow Mr. Lawley to represent me.
>
> THE COURT: When did you decide, if you know, to withdraw the request to have Mr. Lawley to represent you as your attorney?

2

| | |
|---|---|
| 1 | MR. TODT: Prior to my meeting with Mr. Lawley when we were supposed to talk to the probation officer . . . . |
| 2 | |
| 3 | THE COURT: Mr. Allen, what does pro per mean to you? |
| 4 | |
| 5 | MR. TODT: In person without representation of an attorney. |
| 6 | THE COURT: It means that the person represents him or herself. |
| 7 | |
| 8 | MR. TODT: No, sir. It means that a person stands before the court in a non-representative capacity and only as a witness to the proceedings. |
| 9 | |
| 10 | THE COURT: Well, that doesn't make sense. I don't know what that means. It's not logical. |
| 11 | |
| 12 | MR. TODT: What I intended to say, sir, is that I do not allow anyone to speak on behalf of Larry Todt. I am the authorized agent for Mr. Todt. Mr. Todt, the defendant, is a fictitious legal person whose name is written in all caps. I am a private citizen. If I believe that some legal response is required on behalf of Mr. Todt, I will authorize myself to respond. |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | THE COURT: You're a private citizen? |
| 18 | MR. TODT: Yes, sir. |
| 19 | THE COURT: What's your name? |
| 20 | MR. TODT: My name is -- my given name is Larry Allen of the lawful house of Todt. |
| 21 | |
| 22 | THE COURT: And what do you mean by the lawful house of Todt? |
| 23 | MR. TODT: The name Todt I inherited from my father. My given name was given to me by my mother. |
| 24 | |
| 25 | THE COURT: What name was given to you by your mother? |
| 26 | |
| 27 | MR. TODT: Larry Allen. |
| 28 | THE COURT: You just mentioned Todt. |

3

| | |
|---|---|
| 1 | MR. TODT: That is a family name. I could not be given a name that already existed, sir. That name was always a family name. |
| 2 | |
| 3 | THE COURT: [Is it] your family? |
| 4 | MR. TODT: It was not my family until I was -- I came into the world on May 9th, 1952. |
| 5 | THE COURT: When you came into the world on May 9th, 1952, were you in the Todt family? |
| 6 | |
| 7 | MR. TODT: I was in the Southeast Missouri Hospital. |
| 8 | THE COURT: Was your father's last name Todt? |
| 9 | MR. TODT: No, sir. My father does not have a last name. He has a family name. Only corporations have last names, sir. |
| 10 | |
| 11 | THE COURT: What was your father's family name? |
| 12 | |
| 13 | MR. TODT: Todt. |
| 14 | THE COURT: What was your mother's family name? |
| 15 | MR. TODT: Moore. |
| 16 | THE COURT: Did your mother always go by the family name Moore? |
| 17 | |
| 18 | MR. TODT: Until -- I can't answer that, sir. I'm not quite sure. |
| 19 | THE COURT: Did she ever go by the family name Todt? |
| 20 | |
| 21 | MR. TODT: She may have. |
| 22 | THE COURT: You don't know . . . |
| 23 | MR. TODT: I don't know what her intention was, sir . . . |
| 24 | THE COURT: [] If I allow you to proceed pro per, who are you representing? |
| 25 | |
| 26 | MR. TODT: I'm not representing anyone, sir. I would be here in a capacity as the agent -- Larry Todt is - |
| 27 | |
| 28 | THE COURT: I think you may be -- I think you may be manipulating the proceedings or else |

4

|   |   |
|---|---|
| 1 | you need to be evaluated and so – |
| 2 | MR. TODT: Sir. |
| 3 | THE COURT: No. I think I'm going to send you to be evaluated for competency. |
| 4 | |
| 5 | MR. TODT: I don't accept your offer. |
| 6 | THE COURT: Well, you don't have to. You're going because if you are competent and are manipulating the proceedings as I believe you are, that may have a significant bearing on sentencing. And you have done this before. So I'm sending you to be evaluated for competency. |

```
 1              you need to be evaluated and so –
 2              MR. TODT: Sir.
 3              THE COURT: No. I think I'm going to send you
 4              to be evaluated for competency.
                MR. TODT: I don't accept your offer.
 5
                THE COURT: Well, you don't have to. You're
 6              going because if you are competent and are
                manipulating the proceedings as I believe you
 7              are, that may have a significant bearing on
                sentencing. And you have done this before.
 8              So I'm sending you to be evaluated for
                competency.
 9
   Id.
10
                The psychologist's following opinions and other
11
   information in the redacted June 7 Forensic Evaluation favor
12
   filling the June 7 Forensic Evaluation on the public docket:
13
                Although some of Mr. Todt's writings and
14              verbal statements may seem illogical and
                'crazy,' when viewed in the context of the
15              FOTL/sovereign citizen ideologies, they are
                not. Although the beliefs of the [Freeman on
16              the Land (FOLT)]/sovereign citizen may sound
                bizarre to the average person, they are
17              logically organized within their own belief
                system. Understanding the Freeman on the
18              Land/sovereign citizen movements and their
                language is similar to learning a foreign
19              language.
20 Sealed Forensic Evaluation of Defendant Larry Todt at 11 ¶ 4, ECF
21 No. 387.
22              Although Forensic Evaluations are often sealed "a
23 sufficiently compelling interest in [such] sealing" must be shown
24 to justify sealing other than the proposed redactions. United
25 States v. King, No. 10 CR 122 JGK, 2012 WL 2196674, at *2
26 (S.D.N.Y. June 15, 2012). The redacted June 7 Forensic
27 Evaluation could bear on the sentencing issues, and does not
28 appear to contain private matters that should be sealed. United
```

States v. Sattar, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006) (indicating that when applying the presumptive common law right of access to a mental health document that could influence a judge's sentencing decision, an evaluation is involved concerning whether "the interests of personal privacy . . . are sufficiently compelling to overcome the presumption of access"); United States v. Kaczynski, 154 F.3d 930, 932 (9th Cir. 1998)(discussing the need for "the district court [to] properly balance[] the public's legitimate interest in access to [a psychiatric] report, that is, its interest in obtaining information bearing on the workings of the criminal justice system, with the countervailing privacy interests" asserted by Defendant).

Even where a measure of secrecy is appropriate regarding information in a mental health evaluation document, a "guiding principle . . . is that as much information as possible should remain accessible to the public and no more should be sealed than absolutely necessary." Lahrichi v. Lumera Corp., No. C04-2124C, 2007 WL 1521222, at *2 (W.D. Wash. May 22, 2007); United States v. Bus. of Custer Battlefield Museum & Store, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011) (considering redaction as an alternative to denying access altogether).

Dated: June 20, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge