UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LARRY TODT,<br><br>　　　　Defendant. | No.  2:15-cr-190-GEB<br><br>**ORDER FILING ON THE PUBLIC DOCKET THE REDACTED VERSION OF DEFENDANT LARRY TODT'S SEALED FORENSIC REPORT FILED AS DOCKET ENTRY NUMBER 398** |

On June 20, 2018, the United States of America and Defendant Larry Todt were ordered to show cause ("OSC"), as soon as practicable, why the redacted version of the Forensic Evaluation of Defendant Larry Todt dated June 7, 2018, which was prepared by the Federal Bureau of Prisons Metropolitan Detention Center in Los Angeles, California, and filed under seal as docket entry number 398, should not be filed on the public docket. ECF No. 397.  The United States filed a non-opposition statement on June 21, 2018, stating it "does not oppose the filing of the redacted forensic evaluation of Mr. Todt."  ECF No. 400. However, at the hearing held June 29, 2018, concerning whether Mr. Todt was competent to proceed with this action, the following briefing schedule was requested on the OSC and was subsequently ordered: "[T]he defendant to file response to Order to Show Cause

by 7/20/18. The government to respond by 7/27/18." Court Minutes, ECF No. 405. No further response has been filed to the OSC, **therefore, the redacted version of the Forensic Evaluation of Defendant Larry Todt dated June 7, 2018, and filed under seal as docket entry number 398, shall be filed on the public docket forthwith.**

"District courts have inherent discretionary power to seal or unseal record items." United States v. Seugasala, 670 F. App'x 641 (9th Cir. 2016) (unpublished) (citations omitted). "[T]he public and the media have a legitimate interest in disclosure" of psychological reports undergirding competency determinations under the common-law right of access doctrine. United States v. Kaczynski, 154 F.3d 930, 932 (9th Cir. 1998). When determining what is disclosed under the common-law right of access doctrine, "the district court [must] balance[] the public's legitimate interest in access to the report, that is, its interest in obtaining information bearing on the workings of the criminal justice system, with [any] countervailing privacy interests . . . ." Id. That balance is reflected here by disclosure of the redacted version of Defendant's Forensic Evaluation. See United States v. Bus. of Custer Battlefield Museum & Store, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011) (considering redaction as an alternative to denying access altogether). Names of family members are redacted on pages 3, 4, 5, 6, 7, and 8; the larger redactions on page 3 of the report concern members of Defendant's family, the larger redaction on page 5 concerns a private personal relationship and another person's medical history, the larger redaction on page 9 concern

the family history of persons in Defendant's family, and the redactions on page 10 are of signatures. None of these redactions relate to the issue of Defendant's competency or his crimes involved in this action.

Dated: August 14, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge