UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-190-GEB |
|---|---|
| Plaintiff, | |
| v. | **AMENDED ORDER**[1] |
| LARRY TODT, | |
| Defendant. | |

On July 9, 2018, Defendant Larry Todt filed a document titled "NOTICE OF RIGHT OF RECISSION, AFFIDAVIT-CONDITIONAL ACCEPTANCE, MOTION TO DISMISS," ECF No. 409 (hereinafter referenced as "Motion"), purportedly in propria persona even though he is represented by counsel. Defendant states in his Motion, inter alia, "I do not consent to Jason Lawley being the Attorney of Record on my behalf in regard to these proceedings . . . Furthermore, I do not agree to represent myself or the

---

[1] This order amends the order of August 16, 2018, ECF No. 429, and is issued in light of language in United States v. Massey, 419 F.3d 1008, 1010 (9th Cir. 2005), which provides guidance on the nature of Defendant's subject representation request.

1

Named Defendant in this Matter." Motion at 2. Defendant's Motion is construed as his request to proceed without counsel.

Defendant was found guilty by jury trial of one count of conspiracy to falsely make lending association writings and to commit bank fraud, and one count of bank fraud. See ECF No. 320. Defendant represented himself during the trial of this action until he elected to be represented by his then stand-by counsel, Mr. Jason Lawley. However, following Defendant's convictions at his jury trial, a status hearing was held on March 2, 2018, concerning Defendant's attempt to fire Mr. Lawley. Toward the conclusion of that hearing, Defendant was placed in custody of the Federal Bureau of Prisons for a mental competency examination. ECF No. 344.

Following receipt of Defendant's Forensic Evaluation, Defendant was found to be competent during a hearing held June 29, 2018, following which the undersigned judge attempted to ascertain whether Defendant desired to represent himself in the action. After a long exchange intended to determine whether Defendant was "knowingly and intelligently" waiving his right to counsel under Faretta v. California, 422 U.S. 806, 835 (1975), and after near-constant disruption by Defendant during the questioning, the undersigned judge ultimately determined:

> [Defendant] does have the right to represent himself, but he does not have the right to be disruptive. He can forfeit his right to represent himself if he's being disruptive. And at the moment, he's being disruptive. And so, I would only give him the right and take it away. So, in the future, if he decides not to be disruptive and to represent himself, . . . let me know. Right now, . . . he's being argumentative and seeking to look eccentric and saying things that are

2

nonsense.

Unofficial Transcript of June 29, 2018 Proceeding.

Defendant's contradictory statements in his Motion that he "[does] not consent to Jason Lawley being the Attorney of Record on [his] behalf in regard to these proceeding[; and that he does] not agree to represent [himself] or the Named Defendant in this Matter," Motion at 3, are considered in light of the Ninth Circuit decision in United States v. Massey, in which the Ninth Circuit stated that a defendant may abuse his Sixth Amendment right by employing tactics that are tantamount "to an unequivocal waiver of the right to counsel." 419 F.3d 1008, 1010 (9th Cir. 2005) (stating the defendant attempted to hinder his trial by declining every constitutionally recognized form of counsel while simultaneously refusing to proceed pro se, however, "[a] defendant may not abuse the Sixth Amendment in this way [and the tactics] employed by Massey amount to an unequivocal waiver of the right to counsel"); see also United States v. Garey, 540 F.3d 1253, 1264 (11th Cir. 2008) (en banc) (stating "[t]oday we recognize it is possible for a valid waiver of counsel to occur not only when a cooperative defendant affirmatively invokes his right to self-representation, but also when an uncooperative defendant rejects the only counsel to which he is constitutionally entitled, understanding his only alternative is self-representation with its many attendant dangers," and citing cases in accord).

Defendant's request to proceed without counsel is scheduled for hearing on Friday, August 24, 2018, commencing at

9:00 a.m.  Any party may file a brief with any information and/or authority opined to be pertinent to the Motion on or before Wednesday, August 22, 2018.

Dated: August 20, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge