UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LARRY TODT,<br>Defendant. | No. 2:15-cr-190-GEB<br><br>**ORDER** |

On July 9, 2018, Defendant Larry Todt filed a pro se motion titled "NOTICE OF RIGHT OF RECISSION, AFFIDAVIT-CONDITIONAL ACCEPTANCE, MOTION TO DISMISS," ECF No. 409 (hereinafter referenced as "Motion"). The Motion is construed as Todt's request made under the Sixth Amendment to represent himself in this criminal action. See Amended Order, ECF No. 439 (construing the Motion as such). The court scheduled the Motion for hearing on August 24, 2018, and provided each party the option of filing a brief regarding the Motion. See Amended Order, ECF No. 439. No brief was filed.

A jury found Todt guilty on all indicted charges in this action: one count of conspiracy to falsely make lending association writings and to commit bank fraud, and one count of bank fraud. See Minutes for Jury Verdict, ECF No. 320. Todt represented himself during the trial of this action until he elected to be represented at the trial by his then stand-by counsel, Mr. Jason Lawley. Mr. Lawley is presently Todt's attorney in this criminal action.

Todt presents the representation issue by his following statements in his Motion: "I do not consent to Jason Lawley being the Attorney of Record on my behalf in regard to these proceedings . . . [;] I do not agree to represent myself or the Named Defendant in this Matter. . . [;] I Larry Allen of the Family of Todt appearing in Propria Persona as EXECUTOR of the ESTATE named in this matter by making a Special Appearance only, and not Generally, . . . stand before the court in a Non-Representative capacity." Motion at 1-2.

During the sentencing preparatory phase of this action, a status hearing was held on March 2, 2018, concerning Todt's attempt to disallow Mr. Lawley from continuing to be his counsel. The court had a communication with Todt at that hearing which ultimately resulted in Todt being sent to the Federal Bureau of Prisons for a mental competency examination. Status Conference Minutes, ECF No. 344. Part of that communication is the following:

> MR. TODT: What I intended to say, sir, is that I do not allow anyone to speak on behalf of Larry Todt. I am the authorized agent for Mr. Todt. Mr. Todt, the defendant, is a fictitious legal person whose name is written in all caps. I am a private citizen. If I believe that some legal response is required on behalf of Mr. Todt, I will authorize myself to respond . . . .
>
> THE COURT: . . . If I allow you to proceed pro per, who are you representing?
>
> MR. TODT: I'm not representing anyone, sir. I would be here in a capacity as the agent -- Larry Todt is --
>
> THE COURT: I think you may be -- I think you may be manipulating the proceedings or else you need to be evaluated and so --
>
> MR. TODT: Sir.

> THE COURT: No. I think I'm going to send you to be evaluated for competency.
>
> MR. TODT: I don't accept your offer.
>
> THE COURT: Well, you don't have to. You're going because if you are competent and are manipulating the proceedings as I believe you are, that may have a significant bearing on sentencing. And you have done this before, so I'm sending you to be evaluated for competency.
>
> MR. TODT: I don't accept your offer to be sent for evaluation.

Unofficial Transcript of March 2, 2018, Proceeding.

The psychologist involved in Todt's mental competency evaluation states in part in a Forensic Evaluation:

> Based on the information available, there was no objective information or evidence to indicate that Mr. Todt currently suffers from signs or symptoms of a major mental disorder . . . or an organic disorder, that would impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense, or to represent himself.
>
> . . . .
>
> On the surface, the defendant's statements and demeanor appear odd and raise the question about the presence of an underlying thought disorder or delusional belief system. However, information obtained for review suggests his writing and statements are consistent with several anti-government organizations that provide the documentation utilized by Mr. Todt, in addition to instructions regarding how to behave verbally. When interpreted within this context, the defendant's behaviors appear goal-directed and motivated by a desired outcome, rather than attributed to the presence of a major mental disorder. Mr. Todt appears to have consciously decided to not participate in the forensic evaluation, and thus it could be inferred, that his lack of cooperation is purposeful and not linked to the presence of persecutory or paranoid beliefs rooted in a major mental illness.

> From the available information, there is evidence to suggest that Mr. Todt is able to ascertain reality, realistically appraise his behavior, and converse in a logical and coherent manner, all of which would be necessary, to some extent, to represent himself or to properly assist counsel in a defense. Given his presentation during the evaluation, Mr. Todt will most likely continue to engage in the behavior to avoid sentencing. The behavior is volitional and goal directed and not derived from an underlying mental disorder, but may be disruptive to the Court proceedings.

Sealing Order, ECF No. 386 (quoting Forensic Evaluation of Larry Todt).

Following receipt of the Forensic Evaluation, a competency hearing was held on June 29, 2018, during which Todt was found competent to proceed in this action and following which the undersigned judge attempted to ascertain whether Todt desired to represent himself in this action.

During the questioning of Todt to ascertain if he was knowingly, voluntarily and intelligently waiving his Sixth Amendment constitutional right to counsel — and after near-constant interruption and obstruction — the following exchange eventually occurred:

> THE COURT: Sir, do you want to represent yourself?
>
> MR. TODT: Sir, I clearly stated that I am here in a non-representative capacity as the beneficiary of the estate that's being administered in this case.
>
> THE COURT: Sir, do you want a lawyer or do you want to proceed without a lawyer?
>
> MR. TODT: I've appointed you as trustee to settle this matter on my behalf. I'm the beneficiary here, sir. I'm requesting that you settle this.

> THE COURT: If you don't answer my question I'm not going to let you represent yourself.
>
> MR. TODT: Are you denying my right to subrogation, sir?
>
> THE COURT: That's it. Mr. Lawley, he does have the right to represent himself, but he does not have the right to be disruptive. He can forfeit his right to represent himself if he's being disruptive. And at the moment, he's being disruptive. And so, I would only give him the right and take it away. So, in the future, if he decides not to be disruptive and to represent himself, then you let me know. Right now, . . . he's being argumentative and seeking to look eccentric and saying things that are nonsense.

Unofficial Transcript of June 29, 2018 Proceeding.

Although Mr. Lawley continued to be Todt's counsel, Todt has taken actions on his own behalf after the June 29, 2018, hearing. On July 9, 2018, he filed the Motion giving rise to the August 24, 2018, hearing. Additionally, immediately before the judge convened the August 24, 2018, criminal calendar, the judge was informed by the Courtroom Deputy Clerk that earlier that morning the final Presentence Report ("PSR") was filed and that the assigned Probation Officer had assumed that Todt represented himself because the court docket incorrectly listed Todt as proceeding in propria persona in this action. The judge also learned that Todt submitted an objection to the PSR to which the Probation Officer responded, addressing Todt as though he was authorized to proceed in propria persona in this action.

During the August 24, 2018, hearing on the Motion, Todt was asked to explain his representation statements made in his Motion, which were also consistent with his representative trust estate construct espoused at the June 29, 2018, proceeding. Todt's

responses during the hearing revealed he was still "unwilling . . . to engage in a dialogue" that assumes he is in fact the Defendant in this case and to provide expected pointed responses. United States v. Garey, 540 F.3d 1253, 1267 (11th Cir. 2008) (en banc). Todt's Motion and his statements present the issue whether he should be allowed to represent himself notwithstanding his odd assertions that he does "not consent to Jason Lawley being the Attorney of Record on [his] behalf in regard to these proceeding[; that he does] not agree to represent [himself] or the Named Defendant in this Matter"; and that he is "Larry Allen of the Family of Todt appearing in Propria Persona as EXECUTOR of the ESTATE named in this matter by making a Special Appearance only, and not Generally, . . . stand[ing] before the court in a Non-Representative capacity." Motion at 3.

> A dialogue cannot be forced; therefore, when confronted with a defendant who has voluntarily waived counsel by his conduct and who refuses to provide clear answers to questions regarding his Sixth Amendment rights, it is enough for the court to inform the defendant unambiguously of the penalties he faces if convicted and to provide him with a general sense of the challenges he is likely to confront as a pro se litigant. So long as the trial court is assured the defendant (1) understands the choices before him, (2) knows the potential dangers of proceeding pro se, and (3) has rejected the lawyer to whom he is constitutionally entitled, the court may, in the exercise of its discretion, discharge counsel . . . In such cases, a Faretta-like monologue will suffice.

Id. 1267-68.

Rather than pointedly responding to the court's Faretta-like questions during the August 24 hearing, Todt made "arguments [which] directly correspond to meritless rhetoric frequently

espoused by [certain] tax protesters" and individuals adopting arguments of a group characterized as "sovereign citizens." United States v. Coleman, 871 F.3d 470, 476 (6th Cir. 2017). Notwithstanding these nonsensical arguments, reasonable cause does not exist to question Todt's competency in light of a Forensic Evaluation of Todt filed June 14, 2018, and judicial observations of Todt revealing that he testified during his jury trial in this action in a coherent and lucid manner, and that he has participated effectively in other court proceedings when he chose to do so. See United States v. Turner, 897 F.3d 1084 (9th Cir. 2018) ("Although [the defendant] was occasionally disruptive, 'rude, uncooperative and sometimes wacky behavior' does not raise a serious doubt about competency." (citation omitted)); United States v. Anderson, 225 F. App'x 431, 433 (9th Cir. 2007) (declining to reverse a district court that did not hold a competency hearing even where the defendant exhibited "irrational behavior, demeanor, and [made] sometimes illogical and even nonsensical arguments.") (unpublished); United States v. Jonassen, 759 F.3d 653, 660 (7th Cir. 2014) (stating a defendant's "adherence to bizarre legal theories, whether they are sincerely held or advanced only to annoy the other side, does not imply mental instability or concrete intellect so deficient that trial is impossible . . . ; [c]riminal defendants often insist on asserting defenses with little basis in the law, particularly where, as here, there is substantial evidence of their guilt."); United States v. Alden, 527 F.3d 653, 660 (7th Cir. 2008) (stating "[s]imply being a monumental pain in the neck is not a symptom of incompetency;" "persons of unquestioned competence have espoused ludicrous legal positions, but the

articulation of unusual legal beliefs is a far cry from incompetence;" even when a defendant "has demonstrated that he can be rude, unreasonable, and myopic in his approach to this case, that is not the same as incompetence and is not the type of conduct that implies the kind of mental shortcomings required to oblige a district court to sua sponte order a competency examination."); Dixon v. Ryan, No. CV-14-258-PHX-DJH, 2016 WL 1045355, at *9 (D. Ariz. Mar. 16, 2016) ("Criminal defendants often insist on asserting defenses with little basis in the law, . . . but adherence to bizarre legal theories does not imply incompetence. . . . Persons of unquestioned competence have espoused ludicrous legal positions . . . ." (internal quotation marks and citations omitted)).

It is evident that Todt's nonsensical statements about an estate construct, and that he is not defendant Todt convicted of crimes in this case, are "not [made] in good faith." United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011). "[M]any a person with no defense would rather play games, and try to goad the judge into error, than face the music politely." Coleman, 871 F.3d at 477. The record in this case reveals that Todt's behavior is a product of his defiance and adherence to Sovereign Citizen's ideals, rather than any mental instability or inability to competently understand this criminal proceeding and the Farreta warnings he was given. See generally, Unofficial Transcript of June 29, 2018, Proceeding; Unofficial Transcript of August 24, 2018, Proceeding.

The Ninth Circuit states in United States v. Massey that a defendant may abuse his Sixth Amendment right by employing tactics that are tantamount "to an unequivocal waiver of the right

to counsel." 419 F.3d 1008, 1010 (9th Cir. 2005) (stating the defendant attempted to hinder his trial by declining every constitutionally recognized form of counsel while simultaneously refusing to proceed pro se, and holding that the tactics "employed by Massey amount to an unequivocal waiver of the right to counsel"); see also Garey, 540 F.3d at 1264 (stating "[t]oday we recognize it is possible for a valid waiver of counsel to occur not only when a cooperative defendant affirmatively invokes his right to self-representation, but also when an uncooperative defendant rejects the only counsel to which he is constitutionally entitled, understanding his only alternative is self-representation with its many attendant dangers," and citing cases in accord).

During the August 24 hearing, the United States of America brought to the undersigned judge's attention the unpublished Ninth Circuit opinion in United States v. Julison, 635 F. App'x 342 (9th Cir. 2015). This opinion can be read to conflict with Massey and with an unpublished decision, United States v. Anderson, 225 F. App'x 431, which relied on the Massey decision. However, in Julison, the Ninth Circuit panel made clear it was reviewing for clear error a District Court factual finding that the defendant's "requests to represent himself were equivocal." 635 F. App'x at 342. The District Court in Julison, unlike in Massey and Anderson, found that the defendant's actions did not amount to an unequivocal waiver of the right to counsel. Here, findings are made in accord with Massey and Anderson.

Further, even if Julison is construed as conflicting directly with Massey, well-established rules bind this court to the latter decision. Although Federal Rule of Appellate Procedure

32.1 precludes the Circuit Courts from "prohibit[ing] or restrict[ing] the citation of federal judicial opinions . . . designated as 'unpublished,' . . . [and] issued on or after January 1, 2007," Ninth Circuit Rule 36-3 makes clear that "[u]npublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."

During the August 24, 2018, hearing — and previously during the June 29, 2018, hearing — Todt was sufficiently "made aware of the dangers and disadvantages of self-representation, . . . the possible penalties, . . . his constitutional right to have a lawyer perform certain core functions, . . . the possible consequences of mishandling these core functions[,] and [a] lawyer's superior ability to handle them." United States v. Gerritsen, 571 F.3d 1001, 1007 (9th Cir. 2009) (internal quotation marks and citations omitted). Nevertheless, as stated in Anderson, Todt "insisted that he would not accept representation by . . . an attorney . . . while declining to proceed pro per," 225 F. App'x. at 433, and he relied in bad faith on the legal construct that he is not the defendant and is only the executor of "the estate named in this matter." "A defendant may not abuse the Sixth Amendment in this way: tactics such as those employed by [Todt] amount to an unequivocal waiver of the right to counsel;" and in light of the manner in which Todt has abused the right, the constructive judicial finding is made that his tactics constitute waiver of the right to counsel. Massey 419 F.3d at 1010. To hold otherwise here would be tantamount to "[f]orcing a lawyer upon an unwilling defendant" which "is contrary

to his" odd way of asserting his "basic right to defend himself," since he unequivocally said during the August 24 hearing that he does not want to be represented by any lawyer. This constructive "choice must be honored even when it is ultimately to the defendant's own detriment." United States v. Neal, 776 F.3d 645, 658-659 (9th Cir. 2015).

The record is pellucid that Todt "did not remain neutral on the question of representation. To the contrary, [Todt] made repeated, unequivocal statements rejecting [representation by any lawyer]." Garey, 540 F.3d at 1265. "[A]n indigent defendant . . . may waive his right to counsel by his uncooperative conduct, so long as his decision is made with knowledge of his options and the consequences of his choice." Id. at 1266. Todt rejected representation by counsel outright, and created a quagmire by insisting he will not represent himself and that he is only willing to make a special appearance to represent an estate he knows does not exist.

Todt has constructively waived his right to counsel by his conduct and is found to have knowingly and voluntarily selected the remaining option of representing himself. Therefore, Todt now represents himself, and Mr. Lawley resumes stand-by counsel status.

Dated: August 24, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge